UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**STEVEN DIONNE SCOTT**,

                        Plaintiff,

v.                                              **Case No. 14-cv-864-pp**

**SCOTT WALKER,
WISCONSIN DEPARTMENT OF CORRECTIONS,
ABC INSURANCE COMPANY, GARY HAMBLIN,
CATHY JESS, CHARLES COLE, HALEY PUCKER,
BUREAU OF HEALTH SEVICES, DR. DAVID BURNETT,
LORI ALSUM, LON BECHER, JAMES RICHTER,
RICHARD HEIDORN, MD, JEANNE ZWIERS,
WILLIAM POLLARD, MICHAEL MOHR,
CATHERINE FRANCOIS, DENNIS SCHUH, and
CYNTHIA THORPE,**

                        Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT NO. 5), STRIKING PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 8), AND SCREENING PLAINTIFF'S COMPLAINT (DKT NO. 1)**

---

The plaintiff, an inmate incarcerated at the Green Bay Correctional Institution ("GBCI") who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. The case comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

### Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. That law gives a district

1

court the ability to allow an incarcerated person to proceed without prepaying the $350 case filing fee, as long as the plaintiff complies with certain requirements. One of those requirements is that he pay an initial partial filing fee. On August 7, 2014, the court ordered the plaintiff to pay an initial partial filing fee of $3.65. Dkt. No. 7. The plaintiff paid that fee on August 21, 2014. Having reviewed the plaintiff's motion to proceed without paying the filing fee, the court concludes that he does not have the funds to pay the balance of the filing fee at one time. Accordingly, the court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee, 28 U.S.C. §1915(b)(4), and will allow the plaintiff to pay the balance of the filing fee over time from his inmate account, as described at the end of this order.

## **Plaintiff's Amended Complaint**

The plaintiff filed his initial complaint on July 21, 2014. Dkt. No. 1. On October 30, 2014, he filed an amended complaint. The amended complaint corrects the number of a grievance referenced in the plaintiff's original complaint, includes the names of two individuals the plaintiff would like to add as defendants, and has a number of exhibits attached. *Id.*

Fed. R. Civ. P. 15(a) allows a party to amend a pleading one time without court permission, as long as the party does so within twenty-one days after he served the original complaint. In this case, the plaintiff filed his amended complaint three months after he filed the original complaint, and did not ask for leave to file it. In addition, Civil Local Rule 15(a) for the Eastern District federal court states that anyone filing an amended pleading "must reproduce

2

the entire pleading as amended, and may not incorporate any prior pleading by reference." The rule also requires the person amending the complaint to "state specifically what changes are sought by the proposed amendments," and "[t]he proposed amended pleading must be filed as an attachment to the motion to amend." Civ. L.R. 15(b). The plaintiff did not do either of these things. In particular, he did not explain why he wanted to add defendants Dennis Schuh and Cynthia Thorpe to the complaint, or explain what he believes they did that violated his constitutional rights.

For these reasons, the court will strike the October 30, 2014 amended complaint (Dkt. No. 8), and will screen only the plaintiff's original complaint, (Dkt. No. 1).

### **Screening**

The court must "screen" complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part, or all, of a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink,* 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual

3

contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption

4

of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. *Id.* Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### **Allegations in the July 21, 2014 Complaint**

The plaintiff's complaint includes allegations regarding the medical treatment he received (and did not receive) for (1) eye problems, (2) severe nerve and muscle pain, (3) low back pain, and (4) scalp pain and hair loss. These claims indicate that the plaintiff is alleging that the defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005). A deliberate indifference claim based on inadequate medical treatment requires, "to satisfy the objective component," a medical condition

5

"that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.* at 653 (citing *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). Disagreement with a doctor's prescribed course of treatment does not constitute deliberate indifference. *Edwards*, 478 F.3d at 831 (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Nor does medical malpractice, or differences of opinion among medical personnel about appropriate treatments. *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)). On the other hand, the fact that a plaintiff received some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Id.* at 654 (citing *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir.1996)).

Before the court reviews the plaintiff's allegations in light of this law, the court must address a number of problems with the plaintiff's complaint, and with the defendants he names.

First, the complaint indicates that the plaintiff sues all of the defendants in their individual and official capacities. Dkt. No. 1 at 3. Section 1983 prohibits "person[s]" acting under color of law from violating someone's constitutional rights. In order to allege a §1983 action against a defendant in

6

his or her official capacity, the complaint must allege that 'official policy is responsible for [the] deprivation of rights protected by the constitution." *Monell v. Dept. of Social Serv's. of City of New* York, 436 U.S. 658, 690-91 (1978). The plaintiff's complaint contains no facts demonstrating any official policy or custom. Accordingly, to the extent that the court allows the plaintiff to proceed against any defendant, it will be in his or her individual capacity only.

Second, the complaint alleges that "[a]ll supervisors are held liable for the actions and inaction of their subordinates." Dkt. No. 1 at 3. In fact, the Seventh Circuit Court of Appeals has held exactly the opposite. 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996), quoting the "long-settled" rule stated in *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). Section 1983 makes public employees responsible "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009).

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules . . . along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen.

*Id.* at 595.

7

Additionally, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. §1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992) ("Section 1983 does not create collective or vicarious responsibility. Supervisors are not liable for the errors of their subordinates.") "The 'should have known' theory . . . is both legally deficient and inconsistent with the demands of effective administration." *Id.*

Third, the complaint alleges that "[a]ll medical staff are responsible for the sufficient, adequate, and proper treatment of all prisoners." Dkt. No. 1 at 3. This allegation is another way of attempting to hold all employees liable for the actions of a few; again, under the cases cited above, the law does not allow that kind of claim under §1983.

Fourth, the complaint states that the inmate complaint department "has overlooked the seriousness of all matters pertaining to inadequate medical treatment." *Id.* "One can imagine a complaint examiner doing her appointed tasks with deliberate indifference to the risks imposed on prisoners. If, for example, a complaint examiner routinely sent each grievance to the shredder without reading it, that might be a ground of liability. Or a complaint examiner who intervened to prevent the medical unit from delivering needed care might be thought liable." *Burks*, 555 F.3d at 595 (citations omitted). But "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *George v. Smith*, 507

8

F.3d 605, 609–10 (7th Cir.2007). "Although the medical staff may be liable because . . . treatment was . . . woefully inadequate, [a complaint examiner's] failure to realize the potential gravity of the situation does not amount to deliberate indifference." *Greeno,* 414 F.3d at 657. Section 1983 does not provide a cause of action against examiners who did not shirk their duty or fail to appropriately handle the plaintiff's claims. *See id.*

Accordingly, the court will screen only those allegations in the complaint that relate to individuals who committed the violations. It will dismiss those defendants who were not personally involved, and only supervised or employed those who were.

In his claim about his eyes, the plaintiff may proceed on Eighth Amendment medical care claims against defendants Richter, Heidorn, and Zwiers. The court also will exercise supplemental jurisdiction over the plaintiff's state law medical malpractice claim against optometrist James Richter. *See* 28 U.S.C. § 1367.

The plaintiff may proceed on his Eighth Amendment claims regarding severe nerve and muscle pain, low back pain, and scalp pain and hair loss against Heidorn and Zwiers.

The court will dismiss the remaining defendants for various reasons, including that the plaintiff does not mention them in the complaint; that they are entities which are not subject to suit under §1983 and Wisconsin law; that their only actions were receiving/reviewing letters from the plaintiff or

9

reviewing his grievances; or that they were not personally involved, but had only supervisory authority over the defendants.

Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt No. 5).

The court **DISMISSES and STRIKES** the plaintiff's amended complaint (Dkt. No. 8).

The court **DISMISSES** the following defendants from this action: Dennis Schuh, Cynthia Thorpe, Governor Scott Walker, Wisconsin Department of Corrections (DOC/DAI), DOC/DAI Fictitious Insurance Company, Gary Hamblin, Cathy Jess, Charles Cole, Haley Pucker, Bureau of Health Services, David Burnett, Lori Alsum, Lon Becher, William Pollard, Michael Mohr and Catherine Francois.

The court **ORDERS** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the following state defendants: Dr. James Richter, Richard Heidorn, M.D. and Jeanne Zwiers.

The court **ORDERS** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants who are served shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order.

The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $346.35 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary or his designee shall clearly identify these payments by the case name and number assigned to this case.

The court **ORDERS** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if there comes a time when the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court advises the plaintiff that if he does not timely file documents and pleadings under the applicable rules and this court's orders, the court may dismiss his case for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will send a copy of this order to the warden of the Green Bay Correctional Institution.

Dated at Milwaukee this 29th day of June, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

12

Case 2:14-cv-00864-PP   Filed 06/29/15   Page 12 of 12   Document 10