UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

STEVEN DIONNE SCOTT,

                Plaintiff,

v.                                       Case No. 14-cv-864-pp

JAMES RICHTER,
RICHARD HEIDORN, MD, and
JEANNE ZWIERS,

                Defendants.
_____

**DECISION AND ORDER DENYING DEFENDANT JAMES RICHTER'S MOTION TO DISMISS (DKT. NO. 17), DENYING PLAINTIFF'S MOTION FOR PHYSICAL EXAMINATION (DKT NO. 24), AND DIRECTING JAMES RICHTER TO FILE AN ANSWER TO PLAINTIFF'S COMPLAINT**
_____

      The plaintiff, Steven Dionne Scott, is representing himself on Eighth Amendment medical care claims against the defendants, and on a state law medical malpractice claim against optometrist James Richter. Dkt. No. 10 at 9. The case comes before the court on Richter's motion to dismiss (Dkt. No. 17) and the plaintiff's motion for physical examination under Federal Rule of Civil Procedure 35(a) (Dkt. No. 24).

**I.    DEFENDANT RICHTER'S MOTION TO DISMISS**

      Defendant James Richter argues that the plaintiff's claims against him should be dismissed because (1) the plaintiff's only vision-related issue is untreatable in adults and not a serious medical need; (2) Richter referred the plaintiff to a doctor for a medical evaluation of his migraine concerns and the plaintiff was seen a week later by Dr. Richard Heidorn; and (3) the plaintiff's

1

medical malpractice claims are barred by the applicable statute of limitations. For the reasons outlined below, the court will deny Richter's motion to dismiss.

A.  Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When evaluating a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. AnchorBank, FSB v. Hofer, 649 F.3d 610, 614 (7th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). In this context, "plausible," as opposed to "merely conceivable or speculative," means that the plaintiff must include "enough details about the subject-matter of the case to present a story that holds together." Carlson v. CSX Transp., Inc., 758 F.3d 819, 826-27 (7th Cir. 2014) (quoting Swanson v. Citibank, N.A., 614 F.3d 400, 404–05 (7th Cir. 2010)). "[T]he proper question to ask is still could these things have happened, not did they happen." Id. at 827 (internal quotation and citation omitted). The plaintiffs "need not 'show'

2

anything to survive a motion under Rule 12(b)(6)—[they] need only allege."
Brown v. Budz, 398 F.3d 904, 914 (7th Cir. 2005).

    B.    <u>Serious Medical Need</u>

First, Richter argues that the only diagnosis he made on June 3, 2011, was amblyopia ("lazy eye"), which other courts have found is untreatable in adults and not a serious medical need. <u>See</u> <u>Graham v. Hulick</u>, Civil No. 07-728-GPM, 2009 WL 2413808, at *2 (S.D.Ill. Aug. 5, 2009). The question of whether amblyopia is a serious medical need is not the deciding factor on the motion to dismiss, however; the plaintiff says he had a different and more serious medical condition (anterior uveitis) that Richter did not find and that was not diagnosed until September 2011. The plaintiff also alleges that he had migraine headaches, which could have been a symptom of an eye problem. At this stage of the litigation, the plaintiff has alleged sufficient facts to support a claim that he had a serious medical need.

    C.    <u>Deliberate Indifference</u>

Next, Richter argues that the plaintiff does not state a claim against him because Richter was not deliberately indifferent to the plaintiff. Richter argues that he evaluated the plaintiff, diagnosed amblyopia, and referred the plaintiff to a medical doctor for evaluation of his concerns about migraine headaches. Dr. Heidorn saw the plaintiff a week later. Richter submits that there was nothing else he could do as an optometrist so he referred the plaintiff to a medical doctor.

Richter basically asks the court to assume that his version of the facts is the correct one, to adopt that version, and to dismiss him on that basis. This is tantamount to Richter asking the court to skip discovery, dispositive motions and trial and to just assume that that process would prove his facts. That is not the procedure a court follows in deciding whether the facts alleged in a complaint are sufficient to survive a motion to dismiss. The plaintiff stated an Eighth Amendment medical care claim regarding the treatment Richter provided. The plaintiff is entitled to conduct discovery regarding his claims against Richter before the court can conclude whether Richter knew that the plaintiff suffered from a condition more serious than amblyopia, and failed to diagnose it.

Richter responds that misdiagnosis alone is insufficient to state an Eighth Amendment claim. He relies on Williams v. Guzman, 346 Fed.Appx. 102, 106 (7th Cir. 2009), but that case was an appeal from a grant of summary judgment. Richter also cites Johnson v. Doughty, 433 F.3d 1001, 1013 (7th Cir. 2006) for the following proposition: "It is not enough to show, for instance, that a doctor should have known that surgery was necessary; rather the doctor must know that surgery was necessary and then consciously disregard that need in order to be held deliberately indifferent." In Johnson, the Seventh Circuit was evaluating the district court's grant of summary judgment and the entry of judgment after a bench trial. Id. at 1003. That reasoning is not applicable at the motion to dismiss stage.

4

D.    Statute of Limitations

Finally, Richter argues the plaintiff's medical malpractice claims are barred by Wisconsin's three-year statute of limitations. See Wis. Stat. §893.55(1m). Richter last treated the plaintiff on June 3, 2011, and the plaintiff did not file his complaint in this case until July 21, 2014, more than three years later.

The plaintiff suggests that the institution delayed in filing the plaintiff's complaint because it had 118 pages of exhibits attached. He implies, but does not explicitly state, that it otherwise would have been timely.

More important, though, the statute of limitations is tolled while a prisoner pursues his administrative remedies. Johnson v. Rivera, 272 F.3d 519 (7th Cir. 2002). The court does not have enough information from the complaint and its exhibits to determine how long it took the plaintiff to exhaust his administrative remedies. Accordingly, the court cannot conclude that the plaintiff filed this case after the statute of limitations had run.

Further, even if the court were to dismiss the plaintiff's federal claim against Richter (which it will not do at this stage), the court would retain jurisdiction over the plaintiff's state law medical negligence claim because the statute of limitations has now run for the plaintiff to bring his claim in state court. See Davis v. Cook County, 534 F.3d 650, 654 (7th Cir. 2008).

## II.   PLAINTIFF'S MOTION FOR PHYSICAL EXAMINATION

On November 16, 2015, the plaintiff filed a motion asking for a physical examination under Federal Rule of Civil Procedure 35(a). Dkt. No. 24. He wants

complete opthalmology, dermatology, and neurology examinations, presumably with the intention of using the results of these examinations to prosecute his claims. Fed. R. Civ. P. Rule 35(a), however, allows the court to order a plaintiff to submit to an examination *at the request of an opposing party*. "The rule is not intended to cover a situation such as the one here, in which plaintiff wishes an examination of himself. Obtaining evidence to prove his case is plaintiff's responsibility, not the defendants'." Browne v. Schrubbe, No. 10-CV-129-BBC, 2010 WL 3666993, at *10 (W.D. Wis. Sept. 15, 2010); see also Kendrick v. Frank, 05-C-0976, 2007 WL 2207907, at *2 (E.D. Wis. July 30, 2007). The court will deny the plaintiff's motion.

### III. CONCLUSION

The court **DENIES** defendant James Richter's motion to dismiss. Dkt No. 17. The court **ORDERS** defendant James Richter to file an answer to the plaintiff's complaint within twenty-one (21) days of the date of this order. Once he has filed his answer, the court will issue a scheduling order.

The court **DENIES** the plaintiff's motion for physical examination. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 11th day of February, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge