# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

___

**STEVEN DIONNE SCOTT**,

                  Plaintiff,

v.                                           **Case No. 14-cv-864-pp**

**JAMES RICHTER,**
**RICHARD HEIDORN, MD, and**
**JEANNE ZWIERS,**

                  Defendants.

___

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT NO. 36), GRANTING DEFENDANT JAMES RICHTER'S MOTION TO AMEND/CORRECT SCHEDULING ORDER TO ADD EXPERT DISCLOSURE DEADLINES (DKT. NO. 38), DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 42), AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION TO APPOINT COUNSEL (DKT. NO. 45)**

___

      The plaintiff, Steven Dionne Scott, filed a motion asking the court to appoint counsel on March 8, 2016. Dkt. No. 32. The court denied the motion without prejudice on March 23, 2016, after concluding that the plaintiff had shown his competence to litigate through his motions, pleadings, and briefs. Dkt. No. 25. Two days later, the court received another motion for appointment of counsel from the plaintiff, this one dated March 24, 2016. Dkt. No. 36. It seems likely that the plaintiff mailed this motion before he received the court's March 23, 2016 order. The court nevertheless will address this second motion to appoint counsel, as well as the plaintiff's motion for reconsideration to appoint counsel. Dkt. No. 45. The court also will address defendant James

1

Richter's motion to amend/correct the scheduling order to add expert disclosure deadlines and the plaintiff's motion to compel. Dkt. Nos. 38, 42.

I.  **PLAINTIFF'S MOTION TO APPOINT COUNSEL**

In his motion to appoint counsel, the plaintiff says that he suffers from blurred vision, which makes it difficult to try and/or prosecute his case. Dkt. No. 36. He also asserts that he needs an attorney to help find expert witnesses to explain his eye condition and what causes it. Id. The plaintiff argues that this will make a difference in the outcome of the plaintiff's civil suit. Id. Neither of these arguments changes the court's prior conclusion that the plaintiff is competent to litigate this case. See Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013) (citing Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007)). As the court noted in its recent order, the plaintiff's blurred vision has not interfered with his ability to file motions, pleadings and briefs to date.

"[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)). "Consequently, '[d]istrict courts are … placed in the unenviable position of identifying, among the sea of people lacking counsel, those who need counsel the most.'" Id.

Other than his reference to his blurred vision, the plaintiff does not assert that he is not competent to litigate this case; he argues only that an attorney would be better able to find an expert witness than he would be. Even

2

if the court decided to recruit counsel for the plaintiff, there is no guarantee that the attorney would elect to hire an expert witness. In fact, the type of information the plaintiff says the expert would need to testify about–explaining the plaintiff's eye condition and its causes–is the type of information that could be presented to the court without an expert witness, especially at the summary judgment stage. For example, a plaintiff may cite to a medical treatise to describe medical conditions. The court will deny without prejudice the plaintiff's second motion to appoint counsel.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION

On May 17, 2016, the court received a one-page motion from the plaintiff, asking the court to reconsider its decision regarding appointment of counsel. Dkt. No. 45. He argues that he has used the discovery process to gather evidence and prepare and respond to motions, but that counsel is necessary to help seek an expert medical witness, whose testimony would have an impact on the plaintiff's medical malpractice claim. Id.

Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561

3

F.Supp. 656, 665-66 (N.D.Ill.1982), aff'd, 736 F.2d 388 (7th Cir.1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir.1987); compare Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996) (providing nearly identical standard for motion under Rule 59(e)). The plaintiff has shown no manifest error of law or fact, and as the court discussed above, even if the court appointed counsel, that counsel might not retain an expert. The court will deny this motion.

### III. RICHTER'S MOTION TO AMEND/CORRECT SCHEDULING ORDER

Defendant James Richter asks the court to amend the scheduling order to add an expert disclosure deadline. Dkt. Nos. 38, 39.

Federal Rule of Civil Procedure 26(a) requires parties to disclose certain information at the beginning of a case, without the other party having to ask for it. But Rule 26(a)(1)(B)(iv) says that in a case "brought without an attorney by a person in the custody of the United Stets, a state, or a state subdivision," the parties do not have to make the Rule 26(a) "automatic" disclosures. For this reason, defendant Richter acknowledges that the plaintiff is not under an obligation to automatically disclose the name of any expert the plaintiff might use. Richter asserts, however, that "it makes sense to require the plaintiff to disclose any expert witnesses who support his position prior to the filing of dispositive motions." Dkt. No. 39 at 2. He further argues that adding a deadline for disclosure of the identity of the plaintiff's expert (and requiring the plaintiff also to disclose any reports containing that expert's opinions and conclusions) would streamline the discovery and briefing process. Id. at 2-3. The court will

4

grant defendant Richter's motion, and will enter a separate, amended scheduling order containing a deadline by which the plaintiff must identify any expert he plans to use, and must disclose any report containing that expert's conclusions and opinions.

## IV. PLAINTIFF'S MOTION TO COMPEL

Finally, the court turns to the plaintiff's motion to compel. Dkt. No. 42. The plaintiff asserts that he "filed for the production of documents, for his entire medical file which is (5) volumes." Id. at 1. The plaintiff asked for this information as part of discovery, because of the "massive amount and/or capacity of records," and because he is given only 30 minutes total once a month to review his records at the institution. Id. The plaintiff also says that it takes him a long time to review the medical file due to his eye condition. He signed a waiver for the *defendants* to obtain his records, and the plaintiff argues that now the defendants want to deny *him* the same discovery.

This court's local rules, and the federal rules, require that before a party files a motion to compel, that party first must attempt to meet and confer with the other side, to try to work out any discovery disagreements before asking the court to intervene. Federal Rule of Civil Procedure 37(a); Civil Local Rule 37 (E.D. Wis.). The local rules require the plaintiff to file a certification, attesting to the fact that he attempted to meet and confer before filing the motion. While prisoners cannot call opposing counsel with ease, or go to an in-person meeting, inmates can "meet and confer" with opposing counsel by writing letters. In this case, the plaintiff's motion did not include the certification

5

regarding an attempt to meet and confer, and so the motion did not comply with the federal and local rules.

The court is troubled, however, by the plaintiff's assertion that he has only 30 minutes per month to review his medical file. The court expects the defendants to assist the plaintiff in being able to have a meaningful review of his relevant medical records, either by providing him with a copy of those records or ensuring that he has as much time as he needs, given his condition, to review them at the institution and make copies.

## V. ORDER

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 36. The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 45. The court **DENIES** the plaintiff's motion to compel. Dkt. No. 42.

The court **GRANTS** defendant James Richter's motion to amend/correct scheduling order to add expert disclosure deadline. Dkt. No. 38. The court will issue a separate, amended scheduling order.

Dated in Milwaukee, Wisconsin this 27th day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge